IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOLLEY | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No._____ |
| | § | JURY DEMAND |
| SOUTHWEST AIRLINES, INC., | § | |
| | § | |

ORIGINAL COMPLAINT

NOW COMES, Christopher Holley, (hereinafter referred to as "Plaintiff") in the above-styled and numbered cause, files his Original Complaint complaining of and about Southwest Airlines (hereinafter referred to as "Southwest"), and in support of would show as follows:

I.

PARTIES

Plaintiff, Christopher Holley, is a citizen of the State of Texas and resides in Harris County, Texas. Plaintiff is a Black male, and is a member of a group protected under 42 U.S.C. § Section 1981 Plaintiff was at all relevant times an employee working in Houston, Texas within the meaning of the applicable statutes. The witnesses and supervisors work in Houston, Texas. These facts arose in Houston, Texas.

1

Southwest Airlines is a company which conducts business in Texas and has 500 or more employees (and has continuously been conducting business) in the State of Texas, Harris County. Southwest Airlines's Corporation Service Company office may be served with process at 211 E. 7th Street Suite 620, Austin, Texas 78701.

## II.

## JURISDICTION AND VENUE

The United States District Court has Jurisdiction under 28 U.S. C. § 1331 and 28 U.S.C. §1343 (a)(3)-(4), and 28 U.S.C. §1367 in that this lawsuit has been brought pursuant to the laws of the United States of America including 42 U. S. C. § 1981. Venue properly lies in the Houston Division of the Southern District of Texas pursuant to the general venue statute 28 U.S.C. §1391(b).

## III.

## BRIEF SUMMARY

Plaintiff, Christopher Holley was hired by Southwest Airlines on September 21, 1999. Holley was eighteen years old when he was hired by Southwest. Plaintiff's most recent position has been a Ramp Agent. Tom Stanley, Ramp Manager, told Christopher Holly he was terminated for a

safety infraction, specifically, not wearing a safety vest. Several non-black employees fail to wear safety vest and are not terminated.

Tom Stanley made the decision to terminate Christopher Holley although management was aware of the fact that non-black ramp agents routinely fail to wear safety vest, they were not disciplined as Plaintiff was for similar infraction.

Several unwarranted disciplinary actions from write ups to suspension were issued against Christopher Holley and were for the most part reversed because they were false. Plaintiff complained about the unwarranted write ups and the differences in treatment. The grievances caused southwest to correct the disciplines. This meant the disciplines were to be removed from Christopher Holley's personnel file.

Plaintiff was subject to discriminatory treatment, racially hostile working environment, racial harassment, unequal terms and conditions of employment, retaliatory conduct, and this violations of 42 U.S.C § 1981.

Southwest through its agents, supervisors, or employees engaged in a pattern and practice of unlawful race discrimination, in violation of Texas Labor Code, and 42 U.S.C. § Section 1981 as amended from April 2007 to the present.

3

The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical well-being requiring Plaintiff to seek medical care, daily medication including but not limited to Xanax to deal with the enormous stress caused by Southwest's discriminatory treatment.

Southwest violated 42 U.S.C. § Section 1981 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its agents, representatives and employees as described in the above paragraphs.

## VI.

## **DAMAGES**

As a direct and proximate result of the willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions including His termination.

As a direct and proximate result of the willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered lost wages both past and those reasonably anticipated to be lost in the future, and will continue to suffer,

and extreme and severe mental anguish and intentional or negligent infliction of emotional distress in the past and in the future ; medical expenses and Plaintiff has suffered and will continue to suffer a loss of earnings and of his employment benefits and job opportunities. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial. Punitive damages for willful conduct and out of pocket expenses and prejudgment and post-judgment interest and cost of courts.

As a direct and proximate result of its violation of 42 U.S.C. § Section 1981 heretofore described, Plaintiff has been compelled to retain the service of counsel in an effort to enforce the terms and conditions of the employment relationship with, and have hereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown. Plaintiff requests that attorney's fees be awarded to his counsel by Defendant pursuant to 42 U.S.C. § 1981.

The effect of the practices complained of herein, above, has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his race, Black.

## A.  INTENTIONAL RACE DISCRIMINATION

The unlawful employment practices of which Plaintiff complains in the preceding paragraphs were intentional.

Plaintiff repeats and realleges by reference each and every allegation that is contained in his Petition and incorporates the same as though fully set forth.

Southwest Airlines at all times relevant hereto had actual and constructive knowledge of the conduct described in the paragraphs above in large part because of the extraordinary efforts to inform management and oppose such illegal behavior and because of the open and obvious nature of the misconduct.

Southwest violated 42 U.S.C. § Section 1981 by failing to adequately investigate, supervise, control, discipline, and/or or otherwise penalize the conduct, acts, and omissions as described in paragraphs above

Southwest failed to comply with its statutory duty to promptly take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent discriminatory conduct from occurring in the future.

## III.

As direct and proximate result of Defendants willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and to his employment benefits and job opportunities.  Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.   The unlawful employment practices of which Plaintiff complains in the preceding paragraphs were intentional.

Plaintiff respectfully prays that Southwest be cited to appear and answer herein; that upon final trial hereof that Plaintiff has judgment against Southwest and award Plaintiff:

(1) Actual damages

(2 Exemplary damages,

(3) Prejudgment and post-judgment interest at the maximum rate allowable by law;

(4) Attorney's fees;

(5) Costs of court litigation expenses or occurred in this case;

(6) Injunctive and declaratory relief as necessary; and

(7) such Other and further relief, both at law and in equity, to which Holley may jury show himself entitled.

a. Permanent injunction enjoining , its agents, successors, employees, and those acting in concert with , from engaging in any employment practice which discriminates on the basis of race (including any retaliation and harassment);

b. Order to institute and/or carry out policies, practices and programs which provide equal employment opportunities to its Black, employees, and which eradicate the effects of its past and present unlawful employment practices;

c. Order to make Plaintiff whole by providing affirmative relief as he may be entitled pursuant to these proceeding, Complaint, or any amendment(s) hereto, including but not limited to past and future

compensatory damages, medical expenses, back pay, front pay, loss of consortium damages, punitive damages and to his statutory relief at laws, and equity;

d.  Order to make Plaintiff whole by providing past and future compensatory damages of pain and mental suffering; and

e.  Order to make Plaintiff whole by providing punitive damages under in an amount above the minimum jurisdictional limit of the court, costs of court, prejudgment and post judgment interest and further relief, both general and special, at law and in equity, to which Plaintiff may show they are justly entitled at law and equity to which he may show.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing that he have judgment against Defendant in an amount to be determined by the Court and jury, for all his damages, plus pre-judgment and post-judgment interest, exemplary and punitive damages, costs of court, attorney's fees and for such this and further relief, both general and special at law and equity to which he may show himself justly entitled.

DEMAND IS HEREBY MADE FOR TRIAL BY JURY

    Respectfully submitted,

    /s/ *Debra V. Jennings*
    _____

        Debra V. Jennings
        State Bar No. 10631850
        Fed ID # 14373
        6140 HWY 6, # 269
        Missouri City, Texas 77459
        Telephone: (832)230-4455
        Facsimile: 1(832)442-3700
        ATTORNEY FOR PLAINTIFF

11